UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| MATTHEW T. MINARIK, | ) | Case No. 25-10193-pmm |
| | ) | Chapter 7 |
| Debtor | ) | |

**RESPONSE TO MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY BY PPL ELECTRIC UTILITIES CORPORATION**

PPL Electric Utilities Corporation ("PPL EU"), by and through its attorneys, Fitzpatrick Lentz & Bubba, P.C., responds to Debtor's Motion for Sanctions for Violation of the Automatic Stay, as follows:

1. Admitted, upon information and belief.

2. Admitted.

3. Admitted, upon information and belief.

4. Admitted. By way of further answer, PPL EU has policies and protocols in place when it receives notices of bankruptcy or is advised of a bankruptcy filing.

5. Admitted, upon information and belief. By way of further answer, the notice was sent to PPL EU via BEN (Bankruptcy Electronic Notification); however, PPL EU had inadvertently failed to log the notification that was sent. The first notice that PPL EU had of the bankruptcy filing was when it received the instant motion via fax on March 25, 2025. This motion could have been avoided had Debtor's counsel simply sent a "cease and desist" or other notice to PPL EU.

6. Denied. PPL EU did not willfully violate the automatic stay. When it received the instant motion, it immediately took steps to rectify its error. In part, PPL EU sent a letter to the

Debtor, with a copy to counsel, advising of the error and apologizing. See letter April 4, 2025, attached hereto as Exhibit A.

7. Denied as stated. Any calls made by PPL EU related to payment were made without notice of the bankruptcy filing and were made in error as a result of inadvertence and mistake.

8. Admitted. By way of further response, the notice was sent in error without knowledge of the bankruptcy filing.

9. Denied. After reasonable investigation, PPL EU is without knowledge or information sufficient to firm a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the same.

10. Denied. It is denied that PPL EU willfully or intentionally violated the automatic stay. Its actions were inadvertent and resulted only from an oversight on PPL EU's part.

11. Because PPL EU denies that it willfully or intentionally violated the automatic stay, no award of damages or fees is warranted or appropriate.

12. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

13. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

14. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

15. Denied. The allegations of this paragraph constitute conclusions of law to which no response is required, and which are deemed denied. Moreover, as set forth above, PPL EU's actions were the result in inadvertence and mistake, and not willfulness.

16. Admitted in part, denied in part. As set forth above, PPL EU has procedures in place to address bankruptcy matters and is aware of its legal obligations. The events related to this matter arose through inadvertence and mistake and not willful conduct.

17. Denied. After reasonable investigation, PPL EU is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and therefore denies the same. By way of further response, upon becoming aware of its error, PPL EU immediately took steps to rectify that error and apologized to the Debtor for its mistake.

18. Denied. As outlined above, PPL EU's conduct was a result of inadvertence and mistake. Upon becoming aware of its error, PPL EU immediately took steps to rectify that error and apologized to the Debtor for its mistake.

19. Denied. As outlined above, PPL EU's conduct was a result of inadvertence and mistake. Upon becoming aware of its error, PPL EU immediately took steps to rectify that error and apologized to the Debtor for its mistake. PPL EU in no way intended to violate the automatic stay or to collect a pre-petition debt. Rather, PPL EU, acted consistently with the fact that it was mistakenly unaware of the bankruptcy filing.

WHEREFORE, PPL Electric Utilities Corporation respectfully requests that the Court deny the Debtor's motion for sanctions and that it have such other and further relief as is just and equitable.

           FITZPATRICK LENTZ & BUBBA, P.C.

           By */s/ Douglas J. Smillie*
             Douglas J. Smillie
             645 W. Hamilton Street, Suite 800
             Allentown, PA 18101
             610-797-9000
             Attorney for PPL Electric Utilities Corporation