UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *IN RE:* | ) | |
| | ) | |
| MATTHEW T. MINARIK, | ) | Case No. 25-10193-pmm |
| | ) | Chapter 7 |
| Debtor | ) | |

### RESPONSE TO FIRST AMENEDED MOTION FOR SANCTIONS FOR VIOLATION OF THE AUTOMATIC STAY BY PPL ELECTRIC UTILITIES CORPORATION

PPL Electric Utilities Corporation ("PPL EU"), by and through its attorneys, Fitzpatrick Lentz & Bubba, P.C., responds to Debtor's First Amended Motion for Sanctions for Violation of the Automatic Stay, as follows:

1.    Admitted in part, denied in part. It is admitted that the Debtor filed a voluntary case under Chapter 7 on or about January 16, 2025. It is further admitted that the Debtor listed PPL EU on his schedules as a creditor in his bankruptcy case. It is denied that the Debtor listed his residence as property of the bankruptcy estate and, in fact, the Debtor's schedules expressly state that he has no interest in any real estate.

2.    Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and therefore they are denied. By way of further response, due to an oversight, PPL EU failed to note the Debtor's bankruptcy filing as a result of mistake and inadvertence.

3.    Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of the averments of this paragraph and, therefore, they are denied.

4.    Admitted. By way of further response, as a result of mistake and inadvertence, PPL EU failed to note the Debtor's bankruptcy filing.

1

5.      Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of this averment and therefore it is denied.

6.      Admitted.

7.      Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of the averments to this paragraph and therefore they are denied. By way of further response, due to mistake and inadvertence, PPL EU failed to note the Debtor's bankruptcy filing. Any actions or inactions by PPL EU were consistent with its failure to note the Debtor's bankruptcy filing.

8.      Denied as stated. Upon information and belief, the Debtor called after business hours and was unable to speak with a live representative because the customer service lines are not manned by live representatives after hours.

9.      Admitted. By way of further response, through mistake or inadvertence, PPL EU failed to note the debtor's bankruptcy. Any actions or inactions by PPL EU were consistent with its failure to note the Debtor's bankruptcy filing.

10.     Admitted in part, denied in part. It is admitted that Debtor's counsel contacted general counsel's office.   After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore are denied.

11.     Admitted in part. It is admitted that upon becoming aware of the Debtor's bankruptcy filing, steps were immediately taken to stop the termination process. By way of further response, by letter dated April 4, 2025, PPL EU acknowledged and apologized for Debtor's unfortunate customer service experience regarding the termination notices sent in error. A true and correct copy

of the letter dated April 4, 2025, is attached hereto as Exhibit "A", and incorporated herein by reference.

12.     The averments of this paragraph constitute conclusions of law to which no response is required, and which are deemed denied.

13.     The averments of this paragraph constitute conclusions of law to which no response is required and which are deemed denied.

14.     The averments of this paragraph constitute conclusions of law to which no response is required and which are deemed denied.

15.     Denied. As previously stated, through mistake and inadvertence, PP EU failed to note the Debtor's bankruptcy filing. Any actions or inactions by PPL EU were consistent with its failure to note the Debtor's bankruptcy filing.

16.     Denied.

17.     Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of this averment and therefore it is denied.

18.     Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of this averment and therefore it is denied.

19.     The averments of this paragraph constitute conclusions of law to which no response is required and which are deemed denied.

20.     Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore they are denied.

21.     Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore they are denied.

22.     The averments of this paragraph constitute conclusions of law to which no response is required and which are deemed denied.

23.     Denied. After reasonable investigation, PPL EU lacks knowledge or information sufficient to form a belief as to the truth of the remaining averments of this paragraph and therefore they are denied.

24.     The averments of this paragraph constitute conclusions of law to which no response is required and which are deemed denied.

25.     The averments of this paragraph constitute conclusions of law to which no response is required and which are deemed denied.

26.     Admitted. By way of further response, any actions or inactions by PPL EU in this case were the result of mistake and inadvertence and not due to any intention to violate the automatic stay. Rather, in this instance, the processes and procedures followed by PPL EU in bankruptcy cases failed.

27.     Denied. The averments of this paragraph constitute conclusions of law to which no response is required, and which are deemed denied. To the extent a response is deemed required, in this instance, the processes and procedures followed by PPL EU failed.

28.     Denied.

29.     Denied. The averments of this paragraph are argumentative and needlessly inflammatory. As noted above, any actions by PPL EU in this case were the result of mistake and inadvertence and not due to any intention to violate the automatic stay. Rather, in this instance, the

processes and procedures followed by PPL EU in bankruptcy cases failed, but this is an unfortunate

exception and not one that is likely to recur.

30.     Denied. As noted above, any actions by PPL EU in this case were the result of

mistake and inadvertence and not due to any intention to violate the automatic stay. Rather, in this

instance, the processes and procedures followed by PPL EU in bankruptcy cases failed, but this is

an unfortunate exception and not one that is likely to recur.

WHEREFORE, PPL Electric Utilities Corporation respectfully requests that the Court

deny the Debtor's motion for sanctions and that it have such other and further relief as is just and

equitable.

FITZPATRICK LENTZ & BUBBA, P.C.


By    */s/ Douglas J. Smillie*
       Douglas J. Smillie
       645 W. Hamilton Street, Suite 800
       Allentown, PA 18101
       610-797-9000
       Attorney for PPL Electric Utilities Corporation

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                  :        CHAPTER 7
                                        :
MATTHEW T. MINARIK,                     :        DOCKET NO. 25-10193-pmm
                        Debtor          :

\* \* \* \* \* \* \*

## CERTIFICATION OF SERVICE

I, _____Douglas J. Smillie_____, certify that on _____April 21, 2025_, I did cause a true and correct copy of the documents described below to be served on the parties listed on the mailing list exhibit, a copy of which is attached and incorporated as if fully set forth herein, by the means indicated and to all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

- Response to Debtor's Motion for Sanctions for Violation of the Automatic Stay


I certify under penalty of perjury that the above document(s) was sent using the mode of service indicated.

FITZPATRICK LENTZ & BUBBA, P.C.
645 W. Hamilton Street, Suite 800
Allentown, PA  18101
(610) 797-9000
dsmillie@flblaw.com


Dated: April 21, 2025                   By:_____/s/ Douglas J. Smillie_____
                                        Attorney for Debtor

7