**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Matthew T. Minarik,<br><br>　　　　　　　　　　*Debtor*. | Case No. 25-10193-pmm<br>Chapter 7 |

**Motion to Compel Correction of Vehicle Title**

　　Debtor Matthew T. Minarik, through his undersigned attorney, respectfully moves this Court for an order compelling correction of his vehicle's title. In support of this motion, the Debtor states as follows:

　　1.　　This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334.

　　2.　　This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (K).

　　3.　　Venue is proper under 28 U.S.C. § 1409.

　　4.　　The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on January 16, 2025.

　　5.　　The chapter 7 Trustee in this case is Christine C. Shubert.

　　6.　　The case was administered as a no-asset case, the Trustee filed a report of no distribution, and the Debtor received a discharge on April 17, 2025.

　　7.　　At the time of filing, Debtor co-owned a 2017 Mazda 3, VIN 3ZBN1070H11318482, with his non-filing child, Cameron Davenport. The vehicle was financed through Exeter Finance LLC, who held a lien on the vehicle.

　　8.　　Although the vehicle itself was inadvertently omitted from Debtor's originally filed Schedule A/B, the debt associated with the vehicle was fully and properly disclosed on Schedule E/F at Line 4.8.

9. On July 1, 2025, the Debtor filed an Amended Schedule A/B to list the 2017 Mazda 3, and an Amended Schedule C to fully exempt the vehicle under applicable exemption laws.

10. After discharge, the Debtor paid off the remaining balance owed to Exeter Finance LLC. Exhibit A.

11. On or about June 27, 2025, the Pennsylvania Department of Transportation mailed the certificate of title to the Trustee.

12. The title erroneously lists the Trustee as a lienholder. Exhibit B.

13. Upon information and belief, PADOT added the Trustee a lienholder in error.

14. The Trustee does not and has never held a lien on the vehicle.

15. The Trustee has informed the Debtor that she does not intend to administer the vehicle and wishes to abandon any potential interest therein.

16. The listing of the Trustee as a lienholder is without legal basis and prevents the Debtor and co-owner from obtaining clean title.

For those reasons, the Court must grant relief in the form of order attached, and further in the Debtor's favor if necessary and proper under the law.

Date: July 3, 2025               **SADEK LAW OFFICES, LLC**

                                 By: /s/ Michael I. Assad
                                     Michael I. Assad
                                     1500 JFK Boulevard, Suite 220
                                     Philadelphia, PA 19102
                                     215-545-0008
                                     michael@sadeklaw.com

                                 *Attorney for Debtor*

2