UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| *IN RE:* | ) | |
| | ) | |
| MATTHEW T. MINARIK, | ) | Case No. 25-10193-pmm |
| | ) | Chapter 7 |
| Debtor | ) | |

## MEMORANDUM OF PPL ELECTRIC UTILITIES CORPORATION CONCERNING THE POWER OF THE BANKRUPTCY COURT TO AWARD PUNITIVE DAMAGES

PPL Electric Utilities Corporation ("PPL EU"), by and through its attorneys, Fitzpatrick Lentz & Bubba, P.C., submits this Memorandum of Law pursuant to the Court's direction that the parties address the impact of the Supreme Court's decision in Sec. & Exch. Comm'n v. Jarkesy, 603 U.S. 109 (2024)("Jarkesy") on the Debtor's request for punitive damages.

### I.    INTRODUCTION

The Debtor, Matthew T. Minarik ("the Debtor"), filed a voluntary petition under Chapter 7 of the Bankruptcy Code on January 16, 2025. Due to an oversight, PPL EU failed to note the Debtor's bankruptcy filing as a result of mistake and inadvertence. As a consequence of its failure to note the Debtor's bankruptcy filing, PPL EU attempted to collect outstanding utility bills from the Debtor. Eventually, the situation was rectified, and the Debtor never suffered a disruption of service.

On March 25, 2025, the Debtor filed a Motion for Sanctions for Violation of the Automatic Stay by PPL Electric Utilities Corporation and on April 7, 2025, filed a First Amended Motion for Sanctions for Violation of the Automatic Stay by PPL Electric Utilities Corporation (collectively "the Motion"). In the Motion, the Debtor seeks, *inter alia*, an award of punitive damages.

On April 21, 2025, the Debtor received a discharge. An evidentiary hearing on the Motion was held on May 13, 2025. At the conclusion of the hearing, the Court requested that the parties

1

submit briefs addressing the impact of the Supreme Court's decision in Jarkesy on the Debtor's request for punitive damages.

## II. ARGUMENT

### A. The Third Circuit Court of Appeals has determined that a Bankruptcy Court lacks the power to award punitive damages in cases such as this in light of Jarkesy.

In In re Aquillino, 135 F.4th 119 (3d Cir. 2025), the Court of Appeals addressed the power of a bankruptcy court to award sanctions for a violation of the disclosure requirements of 11 U.S.C. §329. In determining whether the Seventh Amendment's right to a jury trial was triggered, which would preclude the award of sanctions without a jury trial, the Court of Appeals stated:

> Whether a claim is legal or equitable generally turns on both "the cause of action and the remedy it provides." SEC v. Jarkesy, 603 U.S. 109, 123, 144 S.Ct. 2117, 219 L.Ed.2d 650 (2024). But where a "cause[ ] of action sound[s] in both law and equity," the Supreme Court has "concluded that the remedy [is] the 'more important' consideration." Id. (quoting Tull v. United States, 481 U.S. 412, 421, 107 S.Ct. 1831, 95 L.Ed.2d 365 (1987)). While monetary penalties generally indicate that a claim is "legal," remedies that merely "order a defendant to return unjustly obtained funds" are equitable. Id. So where a violation calls for a monetary remedy designed "solely to 'restore the status quo,' " it does not trigger the Seventh Amendment jury-trial right. Id. (quoting Tull, 481 U.S. at 422, 107 S.Ct. 1831).

135 F. 4th at 131. In Aquillino, the Court determined that the monetary sanction at issue was in the nature of an equitable remedy designed to restore the status quo. However, in this case that same logic does not apply.

Here, the Debtor suffered no actual loss and, accordingly, there is nothing to "restore." On the contrary, the Debtor seeks a monetary penalty which the Court of Appeals has recognized is the hallmark of a claim that is "legal" in nature. The Supreme Court in Tull v. United States expressly stated:

> A civil penalty was a type of remedy at common law that could only be enforced in courts of law. Remedies intended to punish culpable individuals, as opposed to those intended simply to extract compensation or restore the status quo, were issued by courts of law, not courts of equity. See, e.g., Curtis v. Loether, supra, at 197, 94 S.Ct., at 1009 (punitive damages remedy is legal, not equitable, relief); Ross v. Bernhard, supra, 396 U.S. at 536, 90 S.Ct., at 737 (treble-damages remedy for securities violation is a penalty, which constitutes legal relief).

481 U.S. 412, 422. In Tull, as in Aquillino, the Supreme Court reiterated its previously started view "that characterizing the relief sought is '[m]ore important' than finding a precisely analogous common-law cause of action in determining whether the Seventh Amendment guarantees a jury trial." 481 U.S. at 421 (citing Curtis v. Loether, 415 U.S.189, 196 (1974)). In fact, this is the essence of the Court's holding in Jarkesy, where the Court stated,

> ***What determines whether a monetary remedy is legal is if it is designed to punish or deter the wrongdoer***, or, on the other hand, solely to "restore the status quo." Tull, 481 U.S. at 422. As we have previously explained, "a civil sanction that cannot fairly be said solely to serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment." Austin v. United States, 509 U.S. 602, 610 (1993) (internal quotation marks omitted). And while courts of equity could order a defendant to return unjustly obtained funds, only courts of law issued monetary penalties to "punish culpable individuals." Tull, 481 U.S. at 422. Applying these principles, we have recognized that "civil penalt[ies are] a type of remedy at common law that could only be enforced in courts of law." Ibid.

603 U.S. at 123 (emphasis added). Unlike the issue before the Court in Aquillino (recouping estate assets), here the purpose of the punitive damage award sought by the Debtor is to punish or deter the alleged wrongful conduct, and not to restore a status quo. In fact, the Debtor himself argues in the "Conclusion" of his Memorandum of Law that the purpose of the punitive damages sought is both to punish PPL EU and to deter future potential stay violations. See Debtor's Memorandum of Law at p. 11.

In a footnote, the Debtor cites to a number of Bankruptcy Court decisions decided after Jarkesy in which punitive damages were awarded by the various Courts. See Debtor's

3

Memorandum of Law at p. 2, n.1. Notably, none of the cited cases references the limitations flowing from the decision in Jarkesy, nor do any cite the case or attempt to distinguish the decision. These cases are of no precedential value in addressing the issue posed by the Court. In fact, one of the cited cases does not involve the award of punitive damages for an alleged stay violation (Lysyy v. Deutsche Bank Nat'l Tr. Co.).

**B. There is no basis to invoke the Public Rights Exception.**

The Debtor also attempts to rely upon the "public rights exception," an argument rejected by the Supreme Court in Jarkesy. The Supreme Court cautioned that any effort to invoke the public rights exception must be closely evaluated, lest the exception swallow the rule. 603 U.S. at 131. The Supreme Court explained that "'traditional legal claims' must be decided by courts, 'whether they originate in a newly fashioned regulatory scheme or possess a long line of common-law forebears.'" 603 U.S. at 133 (quoting Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 52(1989)). The Debtor has pointed to no decisional law to support the invocation of the exception here.

Moreover, as the Debtor concedes, "conduct giving rise to claims under Section 362(k) 'will almost always be coextensive with common law torts.'" See Debtor's Memorandum of Law at p. 4, citing Wharton v. Prosper Marketplace (In re Wharton), Case No. 23-12910, Adv. No. 24-0078, slip op. at 5 (E.D. Pa. Oct. 29, 2024). In Wharton, this Court recognized that the Supreme Court's decision in Jarkesy restricts its ability to impose sanctions in a non-jury setting. This case is no different.[1]

---

[1] The Wharton case is highly analogous to this case. There, the debtor identified a violation of the automatic stay but, as in this case, produced no evidence of damages. Nevertheless, the debtor sought an award of $25,000 (or $45,000) in punitive damages. As this Court recognized, and as the caselaw reflects, debtors are often able to point to calculable and concrete harms arising from a stay violation. See, e.g., In re Lansaw, 853 F.3d 657 (3d Cir. 2017). As in Wharton, the Debtor

4

III. **CONCLUSION**

Application of the principles enunciated by the Supreme Court in Jarkesy, as recently amplified by the Third Circuit Court of Appeals in Aquillino, makes it clear that a Bankruptcy Court may not unilaterally impose punitive damages for an alleged violation of the automatic stay. Accordingly, even if punitive damages were warranted here, which they are not, it would be beyond the Court's power to impose them in this context.

Respectfully submitted,

FITZPATRICK LENTZ & BUBBA, P.C.

By: /s/ Douglas J. Smillie
Douglas J. Smillie
645 W. Hamilton Street, Suite 800
Allentown, PA 18101
610-797-9000
Attorney for PPL Electric Utilities Corporation

Date: July 31, 2025

---

here has produced no evidence of concrete and calculable harm, and certainly not of egregious and wanton conduct. Thus, even if the Court had the power to impose punitive damages, they are not warranted here.

5

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:                                : CHAPTER 7
                                      :
MATTHEW T. MINARIK,                   : DOCKET NO. 25-10193-pmm
                    Debtor            :

* * * * * * *

## CERTIFICATION OF SERVICE

I, ___Douglas J. Smillie___, certify that on ___July 31, 2025___, I did cause a true and correct copy of the documents described below to be served on the parties listed on the mailing list exhibit, a copy of which is attached and incorporated as if fully set forth herein, by the means indicated and to all parties registered with the Clerk to receive electronic notice via the CM/ECF system:

- Memorandum of PPL Electric Utilities Corporation Concerning the Power of the Bankruptcy Court to Award Punitive Damages

I certify under penalty of perjury that the above document(s) was sent using the mode of service indicated.

FITZPATRICK LENTZ & BUBBA, P.C.
645 W. Hamilton Street, Suite 800
Allentown, PA  18101
(610) 797-9000
dsmillie@flblaw.com

Dated: July 31, 2025            By: ___/s/ Douglas J. Smillie___
                                     Attorney for Debtor

Mailing List Exhibit: (Check all that apply. If via e-mail, include e-mail address. Continue to the next page if necessary.)

Name: Michael I. Assad, Esquire
Address: 1500 JFK Boulevard, Suite 220, Philadelphia, PA 19102
Relationship of Party: Attorney for Debtor
Via: _x CM/ECF _ 1st Class Mail _ Certified Mail _ e-mail:

_ Other: